# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QIHUI HUANG,<br>　　　Plaintiff<br>　　　v.<br>AJIT VARADARAJ PAI,<br>　　　Defendant | Civil Action No. 18-2969 (CKK) |

## MEMORANDUM OPINION
(August 12, 2019)

*Pro se* Plaintiff Qihui Huang, a former employee of the Federal Communications Commission ("FCC"), brings retaliation and discrimination claims against Ajit Pai, the Chairman of the FCC. Plaintiff retired from the FCC in January 2016. And, on December 17, 2018, Plaintiff filed this lawsuit bringing numerous claims and arguing that Defendant discriminated and retaliated against her in various ways dating back to at least 2004.

Before the Court is Defendant's [19] Motion to Dismiss. First, Defendant claims that the Court should dismiss Plaintiff's entire Complaint because Plaintiff failed to timely exhaust her administrative remedies. Second, Defendant argues that several of Plaintiff's claims are barred by the doctrine of res judicata because they are related to claims that Plaintiff brought against Defendant in a prior 2016 lawsuit. Finally, Defendant contends that, for each of Plaintiff's claims, she has failed to allege actionable discrimination or retaliation.

Upon consideration of the pleadings[1], the relevant legal authorities, and the record for purposes of this motion, the Court GRANTS Defendant's Motion. The Court concludes that

---

[1] The Court's consideration has focused on the following documents:
- Def.'s Mem. of Points and Authorities in Support of Def.'s Mot. to Dismiss Pl.'s Compl. ("Def.'s Mot."), ECF No. 19-1;
- Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 23; and

Plaintiff failed to timely exhaust each of her claims by requesting Equal Employment Opportunity ("EEO") counseling within 45 days of the alleged discriminatory or retaliatory events. Additionally, the Court concludes that at least one of Plaintiff's claims is barred by res judicata and three of Plaintiff's claims fail to state a claim for which relief may be granted. Accordingly, the Court DISMISSES Plaintiff's lawsuit in its entirety.

## I. BACKGROUND

For the purposes of the motion before the Court, the Court accepts as true the well-pleaded allegations in Plaintiff's Complaint. The Court does "not accept as true, however, the plaintiff's legal conclusions or inferences that are unsupported by the facts alleged." *Ralls Corp. v. Comm. on Foreign Inv. in the United States*, 758 F.3d 296, 315 (D.C. Cir. 2014). Further, because Plaintiff proceeds in this matter *pro se*, the Court must consider not only the facts alleged in Plaintiff's Complaint, but also the facts alleged in Plaintiff's Opposition to Defendant's Motion to Dismiss. *See Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) ("[A] district court errs in failing to consider a *pro se* litigant's complaint 'in light of' all filings, including filings responsive to a motion to dismiss."); *Fillmore v. AT & T Mobility Servs. LLC*, 140 F. Supp. 3d 1, 2 (D.D.C. 2015) ("The Court, as it must in a case brought by a *pro se* plaintiff, considers the facts as alleged in both the Complaint and Plaintiff's Opposition to Defendant's Motion to Dismiss.").

As Plaintiff is *pro se*, her Complaint is at times difficult to understand and contains extraneous information. Moreover, Plaintiff's Complaint is often devoid of important factual

---

- Def.'s Reply Mem. in Support of Def.'s Mot. to Dismiss ("Def.'s Reply"), ECF No. 24. In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision. *See* LCvR 7(f).

information, such as the dates on which events occurred. The Court has attempted to summarize the facts relating to Plaintiff's claims and recites only the background necessary for the Court's resolution of the pending Motion to Dismiss.

Plaintiff is an Asian American, foreign-born, disabled woman who is over 67 years old. Pl.'s Opp'n, ECF No. 23, 2. Plaintiff started working for the FCC in 1991. *Id.* While working for the FCC, Plaintiff states that she significantly contributed to the winning of the 2006 Nobel Physics Prize and co-authored three publications for the Nobel Prize project. *Id.* From 2004 until her retirement in 2016, Plaintiff was a GS-15 electronics engineer in the Office of Engineering and Technology. *Id.* Plaintiff states that, prior to the events alleged in her Complaint, she received all positive performance evaluations, all within grade step increases, and some performance awards. *Id.*

Plaintiff states that for six or more years while she performed as a GS-15 employee, she applied for seven or eight supervisory positions with the Office of Engineering and Technology. *Id.* Plaintiff states that she was not selected for any of those supervisory positions. Plaintiff further states that no woman, Asian person, foreign-born person, or other minority was promoted to those supervisory positions. *Id.* at 3.

Plaintiff claims that in either 2010 or 2012 she complained to the former-Chairman of the FCC and a commissioner of the FCC about the FCC's failure, from 2004 to 2012, to promote to supervisory positions women, Asian persons, foreign-born persons, and other minorities. *Id.*; Compl., ECF No. 1, 3.

Plaintiff alleges that sometime after she made this complaint, she began to experience discrimination and retaliation. Pl.'s Opp'n, ECF No. 23, 4. For example, in 2012, a GS-15 branch chief position opened in the Office of Engineering and Technology. Compl., ECF No. 1,

3. Plaintiff states that John Kennedy, an African American man, was promoted to the branch chief position. Pl.'s Opp'n, ECF No. 23, 4. Plaintiff alleges that she was more qualified than Mr. Kennedy. Compl., ECF No. 1, 4-5. Additionally, Plaintiff further claims that her performance cash awards were reduced, then went to zero despite the fact that she did her work and did not receive negative comments. *Id.* at 5; Pl.'s Opp'n, ECF No. 23, 4. Plaintiff next claims that in 2014, another FCC employee, Martin Doczkat, was promoted to GS-15, then made acting branch chief, and then promoted to branch chief even though Plaintiff had more experience. Compl., ECF No. 1, 5; Pl.'s Opp'n, ECF No. 23, 4.

While the following allegations are not made in her Complaint, in her Opposition, Plaintiff further claims that Defendant improperly tasked her with working on a report on wireless microphones. Plaintiff explains that, based on this report on wireless microphones, Defendant concluded that she was a poor performer, gave her a failing performance evaluation, and denied her within grade step increases. At this time, Mr. Doczkat was Plaintiff's supervisor and working with him caused her blood pressure to rise. Despite these issues, Plaintiff alleges that she was denied requests to work with a new supervisor. Finally, Plaintiff claims that she retired early. Pl.'s Opp'n, ECF No. 23, 4.

Plaintiff claims that her attempts to report complaints to the Equal Employment Opportunity ("EEO") counselors were stymied because, beginning in January 2015 and lasting for several months, the Office of Workplace Diversity did not respond to Plaintiff's attempts to contact them. Compl., ECF No. 1, 7. Plaintiff alleges that this failure to respond was based on her race, sex, national origin, disability status, age, and prior discrimination reports. *Id.*

Finally, Plaintiff claims that Defendant lied about, altered, or concealed material facts in her prior 2016 lawsuit against Defendant. *Id.* at 7; *see Huang v. Wheeler*, Civ. A. No. 16-1398

(JEB), *affirmed*, 17-5290 (D.C. Cir. 2019). In Plaintiff's prior 2016 lawsuit, she brought claims against the then-chairman of the FCC for discrimination, retaliation, and a hostile work environment alleging that from Spring 2014 through January 2016 she was told that she was unqualified to be a GS-15, that she received a "fail" performance rating, that her sick leave request was not approved, that she was denied a step increase, that she was placed on a performance improvement plan, that she was not allowed to transfer, and that she was forced to retire early. *Huang*, Civ. A. No. 16-1398 (JEB), Oct. 19, 2016 Memorandum Opinion, ECF No. 24, 2-6.

Based on the facts alleged in this lawsuit, Plaintiff contends that Defendant violated "[a]ll U.S. Constitutions, federal laws, codes, rules, regulations, ACTs, which are related to constitutional rights, civil rights, employment discriminations and retaliations, 'No Fear Act', and more." Compl., ECF No. 1, 3. The Court interprets Plaintiff to be invoking Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*. The Court further interprets Plaintiff's Complaint and her Opposition as stating seven claims for relief, the first six of which are alleged in her Complaint and the last of which is alleged only in her Opposition.

- Count 1- Discrimination and retaliation for failing to promote women, Asian Americans, foreign born persons, and other minorities from 2004 to 2012;
- Count 2- Discrimination and retaliation for failing to promote Plaintiff to a supervisory branch chief position in 2012;
- Count 3- Discrimination and retaliation for decreasing Plaintiff's performance cash awards;
- Count 4- Discrimination and retaliation for failing to promote Plaintiff to acting branch chief and branch chief in 2014;
- Count 5- Discrimination and retaliation for failing to process Plaintiff's EEO complaints in January 2015 and for several months thereafter;
- Count 6- Discrimination and retaliation for altering or concealing material facts in Plaintiff's 2016 lawsuit against Defendant; and
- Count 7- Discrimination and retaliation for forcing Plaintiff to work on a wireless microphone report under a disfavored supervisor, resulting in poor performance reports and Plaintiff's early retirement.

## II. LEGAL STANDARD

Defendant moves to dismiss Plaintiff's Complaint under Rule 12(b)(6). According to Rule 12(b)(6), a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

Defendant moves to dismiss each of Plaintiff's seven claims. As will be explained below, the Court finds either one or more grounds to dismiss each of Plaintiff's claims.

First and foremost, Plaintiff has failed to timely exhaust each of her seven claims. Prior to bringing suit under Title VII for discrimination or retaliation, a federal employee must first seek administrative adjudication of her claim. *Payne v. Salazar*, 619 F.3d 56, 58 (D.C. Cir. 2010). "An aggrieved person must initiate contact with a[n EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). By regulation, the 45-day time limit for initiating contact with an EEO counselor may be tolled "when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his

or her control from contacting the counselor within the time limits." *Id.* § 1614.105(a)(2). If a plaintiff meets the standard for tolling set by the regulations, the plaintiff need not also meet the more demanding equitable tolling standard. *See Harris v. Gonzales*, 488 F.3d 442, 444-45 (D.C. Cir. 2007).

If counseling does not resolve the issue, the individual may file a formal discrimination complaint. *Id.* § 1614.105(d). The agency must conduct "an impartial and appropriate investigation of the complaint," after which the complainant may demand a hearing and decision from an administrative law judge. *Id.* §§ 1614.106(e)(2), 1614.108(f). The complainant may file suit within 90 days of receipt of the agency's final action on the complaint, or after the complaint has been pending for at least 180 days. *Id.* § 1614.407(a), (d). "Complainants must timely exhaust these administrative remedies before bringing their claims to court." *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997).

The Court will address in detail Plaintiff's failure to exhaust each of her claims. The Court will also address other grounds available for dismissing some of Plaintiff's claims.

1. **Count 1- Discrimination and retaliation for failing to promote women, Asian Americans, foreign born persons, and other minorities from 2004 to 2012**

Considering Plaintiff's Count 1 claim, Plaintiff alleges that between 2004 and 2012, Defendant failed to promote into supervisory positions women, Asian Americans, foreign born persons, or minorities, including Plaintiff. The Court finds that Plaintiff failed to timely exhaust this claim.

Plaintiff alleges that she "exhausted the administrative remedies and processing at the FCC and the EEOC." Compl., ECF No. 1, 2. Plaintiff attaches to her Complaint the Equal Employment Opportunity Commission ("EEOC") appellate decision affirming the dismissal of her discrimination and retaliation complaint. *See* Ex. 1, ECF No. 1-2. As this document was

referenced in and attached to Plaintiff's Complaint, the Court may consider the document for the purpose of deciding Defendant's Motion to Dismiss without "converting the motion into one for summary judgment." *Banneker Ventures, LLC v. Graham*, 798 F.3d 1119, 1133 (D.C. Cir. 2015). According to the attached EEOC appeal, Plaintiff initiated EEO counseling on her claims on November 2, 2017. Ex. 1, ECF No. 1-2, 2; *see Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016) (considering an agency's final decision on a discrimination complaint for purposes of "describe[ing] the timing of [the plaintiff's] interactions with the administrative process").

Plaintiff's Count 1 claim encompasses actions by Defendant from 2004 through 2012. Plaintiff's EEO counseling in November 2017 occurred nearly five years outside the 45-day deadline. Plaintiff cannot argue for tolling on the grounds that she did not know of the alleged discrimination because Plaintiff admits that in either 2010 or 2012 she complained to the former-Chairman of the FCC and a commissioner of the FCC about the FCC's failure to promote to supervisory positions women, Asian American persons, foreign-born persons, and other minorities. Pl.'s Opp'n, ECF No. 23, 3.

Plaintiff's only argument in favor of tolling the 45-day deadline is that "despite due diligence [] she was prevented by circumstances beyond [] her control from contacting the counselor within the time limits." 29 C.F.R. § 1614.105(a)(2). In her Complaint, Plaintiff alleges that "Defendants did not process Plaintiff initiated EEO complaints, since around end of 1/2015 for several months." Compl., ECF No. 1, 7. The Court takes as true Plaintiff's allegation that her attempts to obtain EEO counseling in January 2015 were foiled by a failure to respond. However, Plaintiff alleges a failure to respond to requests for EEO counseling only from January 2015 "for several months." *Id.* This failure to respond does not explain why Plaintiff waited until

January 2015 to request EEO counseling on alleged discrimination which occurred from 2004 to 2012, or why Plaintiff did not request EEO counseling again until November 2017. Plaintiff has the "burden of pleading and proving equitable reasons to excuse [a] failure to comply with the 45-day requirement under 29 C.F.R. § 1614.105(a)(2)." *O'Neal v. England*, No. 03-5261, 2004 WL 758965, at *1 (D.C. Cir. Apr. 7, 2004) (citing *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C. Cir. 1982)); *see also Hayes v. Chao*, 592 F. Supp. 2d 51, 56 (D.D.C. 2008) (placing the burden on the plaintiff to establish tolling under § 1614.105(a)(2)). Here, the Court finds that Plaintiff has not met her burden and has not shown that she exercised "due diligence" in pursuing her claims. 29 C.F.R. § 1614.105(a)(2). Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiff's Count 1 claim.

Additionally, even if Plaintiff had exhausted her Count 1 claim, the Court would dismiss this claim for failure to state a claim for which relief may be granted. *Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of res judicata applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Here, Plaintiff alleges only that from 2004 to 2012, Defendant failed to promote to supervisory positions any women, Asian Americans, foreign born persons, or minorities, including Plaintiff. Compl., ECF No. 1, 3. Plaintiff generally alleges that "[d]uring that time

period, there were about 8 supervisory positions opened." *Id.* But, Plaintiff provides no more factual details in support of her claim. Considering allegations in Plaintiff's Complaint and her Opposition, it is not clear whether Plaintiff applied to and was rejected from each of these eight open supervisory positions or whether she applied to only select openings. Even if the Court were to assume that Plaintiff applied to and was rejected from all eight supervisory positions, Plaintiff has still failed to state her claim with sufficient detail. If more than eight supervisory positions opened from 2004 to 2012, Plaintiff has failed to specify from which eight positions she alleges she was discriminatorily excluded. Without such basic information Defendant cannot prepare a response to Plaintiff's allegation and the Court cannot determine whether res judicata would apply. As such, if the Court had not already dismissed with prejudice Count 1 for failure to exhaust, the Court would DISMISS WITHOUT PREJUDICE Count 1 for failure to provide adequate notice of her claim and for failure to state a claim for which relief may be granted.

### 2. Count 2- Discrimination and retaliation for failing to promote Plaintiff to a supervisory branch chief position in 2012

In Count 2, Plaintiff alleges that she was discriminated and retaliated against when she was not selected for a branch chief position in 2012. Again, Plaintiff did not initiate EEO counseling on this claim until November 2017. *See* Ex. 1, ECF No. 1-2. As the alleged discriminatory and retaliatory event occurred in 2012, Plaintiff's November 2017 EEO counseling occurred nearly five years outside the 45-day deadline.

Again, Plaintiff does not allege that "she did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred." 29 C.F.R. § 1614.105(a)(2); *see Ali v. Pruitt*, 727 F. App'x 692, 697 (D.C. Cir. 2018) (explaining that there was no reason for the plaintiff's failure to promote claim to be tolled as it related to a discrete, easily identifiable event). Instead, Plaintiff's only argument in support of tolling is that she received no response to

her requests for EEO counseling for several months in the beginning of 2015. Compl., ECF No. 1, 7. As with Count 1, even if Plaintiff had successfully obtained EEO counseling in January 2015, her attempt at exhaustion would still have occurred over two years too late. Additionally, Plaintiff provides no explanation as to why she then waited until November 2017 to obtain EEO counseling given that she alleges a failure to respond to her requests only in early 2015. Plaintiff has not presented grounds to toll her claim pursuant to 29 C.F.R. § 1614.105(a)(2), nor has Plaintiff shown that she exercised "due diligence" in pursuing her claim. As such, the Court DISMISSES WITH PREJUDICE Plaintiff's Count 2 claim.

**3. Count 3- Discrimination and retaliation for decreasing Plaintiff's performance cash awards**

Plaintiff's Count 3 claim alleges that she was discriminated and retaliated against when Defendant decreased Plaintiff's performance cash awards down to zero. In her Complaint, Plaintiff does not allege a date on which this decrease occurred. Compl., ECF No. 1, 5. However, looking to the EEOC appeal Plaintiff attached to her Complaint, the decreases to her performance cash awards appear to have begun in 2012. *See* Ex. 1, ECF No. 1-2, 2 ("Starting around 2012, her cash awards decreased, and then went to zero."). Assuming that Plaintiff's performance cash awards were decreased in 2012, Plaintiff did not obtain EEO counseling during the 45-day time limit. Even if Plaintiff had successfully obtained EEO counseling in 2015, as she alleges she attempted to do, such counseling would have occurred years outside the 45-day time limit. Compl., ECF No. 1, 7. Moreover, failures to respond to Plaintiff's requests for EEO counseling for several months in 2015 fail to explain why Plaintiff waited until November 2017 to again seek EEO counseling.

Even if the Court were to ignore evidence that Plaintiff's performance cash awards were decreased beginning in 2012, Plaintiff's claim was still not timely exhausted. Plaintiff retired in

January 2016. Pl.'s Opp'n, ECF No. 23, 2. As such, a reduction in Plaintiff's performance cash awards could have occurred no later than January 2016. Plaintiff did not request EEO counseling until November 2017, well outside the 45-day deadline. Plaintiff's allegation that her attempts at EEO counseling were ignored in January 2015 and for several months thereafter would have no impact on her failure to obtain EEO counseling prior to November 2017.[2]

In an attempt to obtain tolling for her claim, Plaintiff alleges that she was not aware of the decreases in her performance cash awards because "she did not look at her bank accounts statements." Pl.'s Opp'n, ECF No. 23, 26. The 45-day deadline is tolled if Plaintiff "did not know and reasonably should not have [] known that the discriminatory matter … occurred." 29 C.F.R. § 1614.1059(a)(2). Here, the evidence of Defendant's alleged discriminatory and retaliatory act was in Plaintiff's control and easily accessible. *See Coghlan v. Peters*, 555 F. Supp. 2d 187, 200 (D.D.C. 2007) (finding that the plaintiff had not met the 45-day deadline and tolling was not available because "[g]iven this concrete and documented effect on his own pay, the Court concludes that [the plaintiff] should at least have had a 'reasonable suspicion' that he had been the victim of a discriminatory act on or soon after" the event occurred). Taking Plaintiff's allegations as true, Plaintiff's failure to look at her bank statement for, at a minimum, approximately two years from her retirement in January 2016 until her EEO counseling in November 2017 was not reasonable. *See Ali v. McCarthy*, 179 F. supp. 3d 54, 65-66 (D.D.C. 2016) (explaining that when a claim accrues is an objective inquiry based on what a reasonable person should have known), *aff'd*, 727 F. App'x 692 (D.C. Cir. 2018). Moreover, in her

_____

[2] There is some evidence that, on November 2, 2017, Plaintiff may have amended a prior EEO counseling complaint to include allegations that her performance cash award was decreased. *See* Ex. E, ECF No. 19-6, 1. However, Plaintiff originally requested EEO counseling for her prior complaint on August 9, 2017. Because August 9, 2017 is also years outside the 45-day time limit, the Court's analysis would be the same.

Opposition, Plaintiff alleges that prior to her retirement, Defendant gave her failing performance evaluations and denied her a within grade step increase. Pl.'s Opp'n, ECF No. 23, 4. Based on her negative performance evaluations and denial of a within grade step increase, Plaintiff had a reasonable suspicion that she was also not receiving performance cash awards. *See Stewart v. Ashcroft*, 352 F.3d 422, 425-26 (D.C. Cir. 2003) (denying tolling of the 45-day time limit where "there were several events … that should have prompted" the plaintiff to inquire about the discriminatory event in question). As such, the Court concludes that Plaintiff should have known about the alleged discriminatory and retaliatory act and that Plaintiff did not exercise due diligence in pursuing her claim. The Court concludes that Plaintiff did not timely exhaust her Count 3 claim and that claim is DISMISSED WITH PREJUDICE.

### 4. Count 4- Discrimination and retaliation for failing to promote Plaintiff to acting branch chief and branch chief in 2014

Looking next to Plaintiff's Count 4 claim, Plaintiff alleges that she was discriminated and retaliated against when, in 2014, her coworker Martin Doczkat was noncompetitively promoted to GS-15, acting branch chief, and later branch chief. Compl., ECF No. 1, 5. Plaintiff states that Mr. Doczkat was promoted to GS-15 in spring 2014, acting branch chief in August 2014, and branch chief in fall 2014. *Id*. In her Opposition, Plaintiff is slightly more specific, alleging that Mr. Doczkat was promoted to branch chief in "(10/2014?)." Pl's Opp'n, ECF No. 23, 20. Taking as true Plaintiff's allegation that Mr. Doczkat was promoted to branch chief in October 2014, Plaintiff's EEO counseling in November 2017 is untimely. Ex. 1, ECF No. 1-2. Even if Plaintiff had obtained EEO counseling in January 2015, when she alleges her request was initially made, more than 45 days would have passed since Mr. Doczkat's promotion. And, Plaintiff provides no reason for her failure to meet the 45-day time limit.

Moreover, even if the Court were to discount Plaintiff's estimation that Mr. Doczkat was promoted in October 2014, Plaintiff's exhaustion is still untimely. Assuming arguendo that Mr. Doczkat was not promoted until the end of the fall 2014, Plaintiff's attempt to obtain EEO counseling in January 2015 may have occurred within the 45-day time limit. In order to toll the 45-day deadline, Plaintiff must show that "despite due diligence [] she was prevented by circumstances beyond [] her control from contacting the counselor within the time limits." 29 C.F.R. § 1614.105(a)(2). Even if the Court assumes that the 45-day deadline should be extended because of a failure to respond to Plaintiff's 2015 request for EEO counseling, Plaintiff has presented no grounds to extend the deadline nearly three years until November 2017. Plaintiff alleges a failure to respond to her request for EEO counseling only from January 2015 for "several months." Compl., ECF No. 1, 7. A delay of "several months" does not justify Plaintiff waiting almost three years to again attempt to obtain EEO counseling for a claim that accrued in 2014. As Plaintiff failed to meet the 45-day deadline and did not exercise "due diligence" to justify extending the deadline until November 2017, Plaintiff's Count 4 claim is DISMISSED WITH PREJUDICE.

5. **Count 5- Discrimination and retaliation for failing to process Plaintiff's EEO complaints in January 2015 and for several months thereafter**

In Plaintiff's Count 5 claim, Plaintiff alleges that Defendant discriminated and retaliated against her because it "did not process Plaintiff initiated EEO complaints, since around end of 1/2015 for several months." Compl., ECF No. 1, 7. The EEOC appeal attached to Plaintiff's Complaint does not show that Plaintiff exhausted this claim. Ex. 1, ECF No. 1-2. However,

Defendant attached to its Motion to Dismiss a final agency decision, showing that Plaintiff obtained EEO counseling for this claim on August 9, 2017. Ex. E, ECF No. 19-6, 1. [3]

The alleged discriminatory and retaliatory acts comprising Plaintiff's Count 5 claim occurred in January 2015 and lasted for several months. Based on the final agency decision, Plaintiff did not obtain EEO counseling on this claim until August 2017, nearly two and a half years later and well outside the 45-day deadline. Ex. E, ECF No. 19-6, 1. Plaintiff provides no reason for failing to meet the 45-day deadline. Additionally, the Court finds that a failure to process Plaintiff's EEO complaints is the type of action that Plaintiff would have been aware of soon enough to satisfy the 45-day limit with the use of due diligence. As such, the Court finds that Plaintiff's Count 5 claim was not timely exhausted and is DISMISSED WITH PREJUDICE.

Additionally, the Court concludes that Plaintiff's Count 5 claim for discrimination should also be dismissed for failure to state a claim. In Count 5, Plaintiff alleges that Defendant discriminated and retaliated against her by failing to process "Plaintiff initiated EEO complaints, since around end of 1/2015 for several months." Compl., ECF No. 1, 7. Assuming Plaintiff's allegation to be true, the Court finds that a failure to process Plaintiff's EEO complaints in January 2015 and for several months thereafter is not an adverse employment action for purposes of a Title VII discrimination claim.

---

[3]  The Court can consider this document as Plaintiff referenced the final agency action in her Complaint when she stated that she administratively exhausted her claims. Compl., ECF No. 1, 3 ("This Complaint exhausted the administrative remedies and processing at the FCC and the EEOC."); *see Vasser v. McDonald*, 228 F. Supp. 3d 1, 11 (D.D.C. 2016) (on a motion to dismiss, considering an agency's final decision on a discrimination complaint for purposes of "describe[ing] the timing of [the plaintiff's] interactions with the administrative process"); *see also Williams v. Chu*, 641 F. Supp. 2d 31, 35 (D.D.C. 2009) ("A plaintiff's EEOC charge and the agency's determination are both public records, of which this Court may take judicial notice." (internal quotation marks omitted)).

Title VII "creates only a cause of action for discrimination[,] ... not ... an independent cause of action for the mishandling of an employee's discrimination complaints." *Young v. Sullivan*, 733 F. Supp. 131, 132 (D.D.C. 1990). The United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") has explained that in order to allege an adverse employment action for purposes of a discrimination claim, the Plaintiff must allege "some … materially adverse consequence affecting the terms, conditions, or privileges of employment or future employment opportunities, whereby a reasonable trier of fact could find that [the complainant] suffered objectively tangible harm." *Ortiz-Diaz v. U.S. Dep't of Housing & Urban Dev., Office of Inspector Gen.*, 867 F.3d 70, 73-74 (D.C. Cir. 2017) (citing *Brown v. Brody*, 199 F.3d 446, 457 (D.C. Cir. 1999)). As such, an adverse action for purposes of a discrimination claim must have some impact with respect to the plaintiff's employment. The D.C. Circuit has further explained that a refusal to cooperate with the EEOC process is not an adverse action for purposes of a Title VII discrimination claim because such a refusal does not have a negative consequence on the plaintiff's employment. *Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C. Cir. 2002). Here, Plaintiff makes no allegation that Defendant's temporary interference with the EEOC process caused Plaintiff any tangible harm or otherwise altered the conditions of her employment. As such, the Court concludes that, in Count 5, Plaintiff has failed to allege an adverse employment action for purposes of her discrimination claim and DISMISSES WITH PREJUDICE Plaintiff's Count 5 claim for discrimination only.

**6. Count 6- Discrimination and retaliation for altering or concealing material facts in Plaintiff's 2016 lawsuit against Defendant**

Plaintiff's Count 6 claim alleges that Defendant discriminated and retaliated against her when Defendant lied about, altered, or concealed material facts in Plaintiff's prior 2016 court proceeding against Defendant, which also alleged discrimination and retaliation. *See Huang v.*

*Wheeler*, Civ. A. No. 16-1398 (JEB), *affirmed*, 17-5290 (D.C. Cir. 2019). Defendant interprets Plaintiff's Count 6 claim differently than the Court. Defendant contends that Count 6 alleges that Defendant lied about, altered, or concealed material facts related to the processing of Plaintiff's EEO complaint. Def.'s Mot., ECF No. 19-1, 10. But, in her Opposition, Plaintiff makes clear that Count 6 alleges "that Defendant lied, altered or concealed objects or material facts at courts' processing in previous lawsuit." Pl.'s Opp'n, ECF No. 23, 23. As such, the Court interprets Count 6 as alleging that Defendant lied and altered or concealed facts during Plaintiff's prior 2016 lawsuit against Defendant. *See Huang v. Wheeler*, Civ. A. No. 16-1398 (JEB), *affirmed*, 17-5290 (D.C. Cir. 2019).

Defendant contends that Plaintiff never requested EEO counseling for this claim. This claim is not mentioned in the EEOC appeal attached to Plaintiff's Complaint as evidence of exhaustion. Ex. 1, ECF No. 1-2. In her Opposition, Plaintiff concedes that she did not request EEO counseling on this claim stating that this claim "does not need to go through the processing" and that she "could directly sue it at the Court." Pl.'s Opp'n, ECF No. 23, 23-24. Plaintiff is incorrect. "Title VII complainants must timely exhaust the[ir] administrative remedies before bringing their claims to court." *Payne*, 619 F.3d at 65 (internal quotation marks omitted).

Plaintiff does attach to her Opposition an "Initial Contact and/or Counseling Session" form wherein she alleges Defendant was "dishonest, lied, misled, and misconducted in court proceedings regarding my employment discriminations and retaliations complaints." Ex. 5, ECF No. 21-3. However, the sections that an EEOC employee is required to fill in such as "date of counseling session," "name of EEO Counselor," and "Signature of EEO counselor" are all left blank. *Id.* Based on an email that Plaintiff also attached to her Opposition, her request was not processed because Plaintiff had already filed her December 17, 2018 Complaint in this lawsuit

prior to requesting EEO counseling. Ex. 6, ECF No. 21-3. Accordingly, Plaintiff did not properly

exhaust her Count 6 claim prior to bringing that claim to this Court in the instant lawsuit.[4]

At this stage in the litigation, it is not clear to the Court whether or not Plaintiff still has

time to timely exhaust her claim or whether or not Plaintiff has any grounds for tolling. As such,

the Court will DISMISS WITHOUT PREJUDICE Plaintiff's Count 6 claim for failure to

administratively exhaust the claim.

Additionally, for the same reason the Court dismissed Plaintiff's Count 5 discrimination

claim, the Court concludes that Plaintiff's Count 6 claim for discrimination should also be

dismissed for failure to state a claim. *See Supra* Sec. III.5. In Count 6, Plaintiff alleges that

Defendant lied and altered or concealed material facts during her previous 2016 lawsuit. Compl.,

ECF No. 1, 8. Assuming Plaintiff's allegation to be true, the Court finds that Plaintiff has failed

to allege an adverse employment action for purposes of a Title VII discrimination claim. As the

Court previously explained, to state a Title VII discrimination claim, the plaintiff must allege

"some … materially adverse consequence affecting the terms, conditions, or privileges of

employment or future employment opportunities, whereby a reasonable trier of fact could find

that [the complainant] suffered objectively tangible harm." *Ortiz-Diaz*, 867 F.3d 73-74.

Plaintiff's allegations concern her 2016 lawsuit, which took place after Plaintiff had already

retired from the FCC. Pl.'s Opp'n, ECF No. 23, 2. As such, any actions that Defendant took

during Plaintiff's 2016 lawsuit could not have tangibly harmed or otherwise altered the

conditions of her employment. The Court concludes that, in Count 6, Plaintiff has failed to allege

---

[4] The Court may consider Plaintiff's Exhibits 5 and 6 in deciding Defendant's Motion to Dismiss. As here, when a plaintiff is proceeding *pro se*, the court should consider all of the plaintiff's pleadings, including exhibits attached to the plaintiff's opposition to the defendant's motion to dismiss. *Magowan v. Lowery*, 166 F. Supp. 3d 39, 47 (D.D.C. 2016) (citing *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)).

an adverse employment action for purposes of her discrimination claim and DISMISSES WITH

PREJUDICE Plaintiff's Count 6 claim for discrimination only.

**7. Count 7- Discrimination and retaliation for forcing Plaintiff to work on a wireless microphone report under a disfavored supervisor, resulting in poor performance reports and Plaintiff's early retirement**

Finally, in Plaintiff's Count 7 claim, which is alleged only in her Opposition, Plaintiff

claims that Defendant discriminated and retaliated against her by forcing her to work on a

wireless microphone report under a disfavored supervisor, resulting in poor performance reports

and Plaintiff's early retirement. Pl.'s Opp'n, ECF No. 23, 4. Plaintiff fails to allege a date when

these discriminatory and retaliatory acts occurred. But, even if the Court were to assume that

they occurred at the latest date possible, Plaintiff's EEO counseling would still be untimely.

Plaintiff retired in January 2016; as such, the alleged acts must have occurred prior to that date.

According to Plaintiff's attached EEOC appeal, Plaintiff requested EEO counseling on issues

relating to her assigned report on wireless microphones and at least some of the resulting

consequences in November 2017. Ex. 1, ECF No. 1-2. Plaintiff provides no reason as to why she

failed to meet the 45-day deadline and waited almost two years to obtain EEO counseling on this

claim. Plaintiff's failure to timely obtain EEO counseling without cause demonstrates that

Plaintiff did not pursue her claims with due diligence. Accordingly, the Court DISMISSES

WITH PREJUDICE Plaintiff's Count 7 claim.

The Court further finds that Plaintiff's Count 7 claim should be dismissed on the grounds

of res judicata as Plaintiff raised a nearly identical claim in her 2016 lawsuit. Under the doctrine

of res judicata, or claim preclusion, "a final judgment on the merits of an action precludes the

parties or their privies from relitigating issues that were or could have been raised in that action."

*Sheppard v. D.C.*, 791 F. Supp. 2d 1, 4 (D.D.C. 2011) (quoting *Drake v. FAA*, 291 F.3d 59, 66

(D.C. Cir. 2002)). "A judgment on the merits is one that 'reaches and determines the real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form.'" *Id.* at 7 (quoting *Saylor v. Lindsley*, 391 F.2d 965, 968 (2d Cir. 1968)); *see also Nwachukwu v. Karl*, 222 F.R.D. 208, 212 (D.D.C. 2004) (noting the judicial goal of "deciding cases on their merits, as opposed to procedural mishaps dictating the outcome"). A decision on a motion to dismiss under Rule "12(b)(6) presents a ruling on the merits with res judicata effect." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). "Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). To determine whether two cases share the same nucleus of facts, courts consider "whether the facts are related in time, space, origin, or motivation[;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997) (internal quotation marks omitted). In short, in deciding whether res judicata applies, the Court must consider "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *NRDC v. EPA*, 513 F.3d 257, 260 (D.C. Cir. 2008) (quoting *Smalls v. United States*, 471 F.3d 186, 192 (D.C. Cir. 2006)).

In February 2016, Plaintiff filed a lawsuit against the then-Chairman of the FCC alleging discrimination and retaliation. There was a final judgment on the merits which was later affirmed by the D.C. Circuit. *Huang v. Wheeler*, Civ. A. No. 16-1398 (JEB), Oct. 19, 2016 Memorandum Opinion, ECF No. 24, 21; Sep. 15, 2017 Memorandum Opinion, ECF No. 87, 1, *aff'd*, *Huang v.*

*Wheeler*, 17-5290, Jan. 30, 2019 Order (D.C. Cir. 2019). Neither party disputes the competency of the court to adjudicate Plaintiff's claims.

In Plaintiff's prior lawsuit, she alleged that she was discriminated against when she was told she was a poor performer based on her work on the wireless microphone report. Ex. A, ECF No. 19-2, 2-3 (Plaintiff's complaint from her 2016 lawsuit).[5] Plaintiff further complained that, based on the wireless microphone report, Mr. Doczkat gave her a failing performance review and denied her within grade step increase. *Id.* at 6-9. Plaintiff alleged that she was forced to continue working under Mr. Doczkat despite the fact that working with him caused her blood pressure to rise. *Id.* at 5-8. Plaintiff amended her original complaint to add a claim that she had been constructively discharged based on these events. Ex. B, ECF No. 19-3, 1 (Plaintiff's amended complaint adding claims to her 2016 lawsuit). In the 2016 lawsuit, Plaintiff's claims were either dismissed under Rule 12(b)(6) or summary judgment was granted for the defendant. *Huang v. Wheeler*, Civ. A. No. 16-1398 (JEB), Oct. 19, 2016 Memorandum Opinion, ECF No. 24, 21; Sep. 15, 2017 Memorandum Opinion, ECF No. 87, 1. Plaintiff appealed, and the district court's decision was upheld on appeal. *Huang v. Wheeler*, 17-5290, Jan. 30, 2019 Order (D.C. Cir. 2019).

In her Opposition in this case, Plaintiff alleges that Defendant improperly tasked her with working on a report on wireless microphones, concluded that she had performed poorly on the report without evidence, caused her blood pressure to rise, denied requests to work with a new supervisor, gave her a failing performance evaluation, denied her within grade step increase, and

---

[5] In considering Defendant's Motion to Dismiss, the Court can consider Plaintiff's Complaint and Amended Complaint from her 2016 lawsuit as those documents are part of the public record. *Covad Comm. Co. v. Bell Atlantic Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005) (explaining that on a motion to dismiss the court can consider the record of a another court proceeding as it is part of the public record).

caused her to retire early. Pl.'s Opp'n, ECF No. 23, 4. Plaintiff's current allegations comprising

her Count 7 claim are either substantially the same as claims made in her 2016 lawsuit or share a

common nucleus of facts with those claims. The resolution of Plaintiff's 2016 case, affirmed on

appeal, constitutes a final judgment on the merits of Plaintiff's earlier action against the same

Defendant, the Chairman of the FCC. The final judgment on the merits in Plaintiff's 2016 case

precludes her from now relitigating claims that "were or could have been raised in [the prior]

action." *Ashbourne v. Hansberry*, 245 F. Supp. 3d 99, 103 (D.D.C. 2017) (internal quotation

marks omitted). Accordingly, in addition to dismissing Plaintiff's Count 7 claim for failure to

properly exhaust, the Court also DISMISSES WITH PREJUDICE Plaintiff's Count 7 claim on

res judicata grounds.[6]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion and DISMISSES

Plaintiff's suit in full. Specifically, the Court concludes that Plaintiff's:

- Count 1 claim for discrimination and retaliation for failing to promote women, Asian Americans, foreign born persons, and other minorities from 2004 to 2012 is **dismissed with prejudice** for failure to exhaust and **dismissed without prejudice** for failure to state a claim for which relief may be granted;
- Count 2 claim for discrimination and retaliation for failing to promote Plaintiff to a supervisory branch chief position in 2012 is **dismissed with prejudice** for failure to exhaust;

---

[6] Defendant also requested dismissal on the grounds of res judicata for Plaintiff's Counts 3 and 4 claims. However, the Court finds that dismissal of those Counts based on res judicata is not appropriate. As to Plaintiff's Count 3 claim, as the Court previously discussed, it is not clear from Plaintiff's Complaint when she alleges her performance cash awards were reduced; but, it appears that the reductions began in 2012. *See Supra* Sec. III.3. As such, the Court cannot say that Plaintiff's Count 3 claim is related in time to the 2014-2016 allegations in her 2016 lawsuit. As to Plaintiff's Count 4 claim, Plaintiff alleges that she was discriminated against when Mr. Doczkat was promoted to branch chief in 2014. The Court finds that Plaintiff's non-promotion claim does not share a nucleus of common facts with the allegations in her 2016 lawsuit as those allegations primarily concerned alleged discrimination perpetrated by Mr. Doczkat and others.

- Count 3 claim for discrimination and retaliation for decreasing Plaintiff's performance cash awards is **dismissed with prejudice** for failure to exhaust;
- Count 4 claim for discrimination and retaliation for failing to promote Plaintiff to acting branch chief and branch chief in 2014 is **dismissed with prejudice** for failure to exhaust;
- Count 5 claim for discrimination and retaliation for failing to process Plaintiff's EEO complaints in January 2015 and for several months thereafter is **dismissed with prejudice** for failure to exhaust, and Plaintiff's discrimination claim only is **dismissed with prejudice** for failure to state a claim for which relief may be granted;
- Count 6 claim for discrimination and retaliation for altering or concealing material facts in Plaintiff's 2016 lawsuit against Defendant is **dismissed without prejudice** for failure to exhaust, and Plaintiff's discrimination claim only is **dismissed with prejudice** for failure to state a claim for which relief may be granted; and
- Count 7 claim for discrimination and retaliation for forcing Plaintiff to work on a wireless microphone report under a disfavored supervisor, resulting in poor performance reports and Plaintiff's early retirement is **dismissed with prejudice** for failure to exhaust and **dismissed with prejudice** on the grounds of res judicata.

An appropriate Order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge
